**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER BERGMANN, | ) | |
| Plaintiff, | ) | Case No.:   16-cv-7445 |
| | ) | |
| v. | ) | Hon. Judge |
| | ) | Magistrate Judge |
| PLITEK, LLC, an Illinois Limited Liability | ) | |
| Corporation, and JEFFREY KUSICIEL, | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATIONS OF THE**
**THE FAMILY MEDICAL LEAVE ACT**
**AND THE AMERICANS WITH DISABILITIES ACT**

Plaintiff Jennifer Bergmann, by and through her attorneys, Jeffrey L. Taren of  Kinoy, Taren & Geraghty, P.C., and the Law Office of Al Hofeld Jr.,  hereby complains against Defendants PLITEK, LLC, and  JEFFREY KUSICIEL (collectively referred to herein as "Defendants") as follows:

**INTRODUCTION**

Jennifer Bergmann is a 38-year-old woman who was demoted and then terminated from her job because she required intermittent leave to deal with her serious medical condition and because she asserted rights protected under the Americans with Disabilities Act and the Family Medical Leave Act.  After Plaintiff disclosed her disability to her supervisor, he repeatedly made hostile, denigrating comments about her condition. After the employer granted an accommodation to her work schedule, Plaintiff was demoted and told that it was "because of the unpredictable nature of [her] health condition."   Then, after the Human Resources Department granted Plaintiff intermittent FMLA leave, the Defendant informed Plaintiff that she must present a note from a doctor with a diagnosis of her condition and treatment whenever she needs

1

to take time off due to her serious medical condition.  Finally, one month after Plaintiff asserted, through counsel, that she was being harassed and discriminated against and after she recertified her request for intermittent FMLA leave for the following year, the Plaintiff was fired for a pretextual reason.

This action is being brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 and the Americans with Disabilities Act ("ADA") 42 U.S.C. §12111 *et seq*. Plaintiff is seeking compensatory, punitive and liquidated damages as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1343 (3) and 1343 (4), and 42 U.S.C. § 2000e-5(f)(3).  Venue is appropriate in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) as all of the acts and omissions giving rise to Plaintiff's claims occurred there and Plaintiff and all Defendants may be found in this judicial district.

## PARTIES

2.      Plaintiff, Jennifer Bergmann is a 38-year-old citizen of the United States residing in Wheaton, Illinois.  Plaintiff was employed by Defendant Plitek, LLC as a Customer Service Supervisor beginning in July of 2012.   At the time of her termination, Plaintiff had been demoted to a Customer Service Representative.

3.      Defendant Plitek, LLC, is an Illinois corporation with its principal place of business in Des Plaines, Illinois. Defendant Plitek is an "employer" as that term is defined at 29 U.S.C.§ 2611(4)(A), as Defendant employed 50 or more persons for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

2

4.    Defendant Jeffrey Kusiciel is an employee of Plitek, LLC who had supervisory authority over the Plaintiff.  Kusiciel was personally responsible for one or more of the violations of the FMLA asserted herein. Defendant Kusiciel is therefore subject to individual liability for his actions that violated the FMLA. See, *Baier v. Rohr-Mont Motors, Inc.*, No. 12-CV-8234, 2014 WL 6434584, at *8 (N.D. Ill. Nov. 17, 2014;) *Austin v. Cook County,* No. 07–c–3184, 2009 WL 799488, at *3 (N.D.Ill. March 25, 2009) (Andersen, J.); *Shockley v. Stericycle, Inc.,* No. 13–cv–01711, 2013 WL 5325632, at *3–4 (N.D. Ill. Sept. 19, 2013) (Darrah, J.); *Smith v. Univ. of Chicago Hosp.,* No. 02–c–0221, 2003 WL 22757754, at *6–7 (N.D.Ill. Nov. 20, 2003).

5.    Plaintiff Bergmann was an employee within the meaning of the ADA, 42 U.S.C. §12111(8) and §12102.   Plaintiff Bergmann was also an "eligible employee" of Defendant, as that term is defined at 29 U.S.C. § 2611(2)(A), as Plaintiff worked for Defendant for at least 12 months and worked for Defendant for at least 1,250 hours during the previous 12 month period and required leave from her employment due to a serious medical condition.

## STATEMENT OF FACTS

6.    Plaintiff began working for the Defendant Plitek, LLC in July of 2012 as a Customer Service Representative Supervisor.

7.    In or about February of 2013, Plaintiff disclosed to the Defendants that she was a person with a disability and had a serious medical condition in that she suffered from Lyme disease and Fibromyalgia that flared up from time to time and that required that she take medical leave due to ongoing medical treatment. Plaintiff requested intermittent FMLA leave, submitting to Defendant the required certifications from her medical treaters. Ms. Bergmann's

3

request for FMLA leave was denied at that time since she had not yet completed one year of employment.

8.     In May of 2013, Plaintiff requested a reasonable accommodation to adjust her hours of work to allow her to begin work an hour early (7:00 am) and leave at 4:00 pm instead of 5:00 pm.  Her request was accompanied by documentation from her physician indicating that her condition caused fatigue, low energy and cognitive difficulties towards the end of the day. The Defendant agreed to the accommodation at that time.

9.     Between 2013 and her termination in October of 2015, Plaintiff's immediate supervisor, Defendant Jeffrey Kusiciel, repeatedly made denigrating comments to her about her medical condition.

10.     In addition to the repeated negative comments, Kusiciel made unlawful and intrusive medical inquiries to the Plaintiff concerning her disability.

11.     During the last week of July of 2014, Plaintiff complained to Plitek's Human Resources Director, Cheryl Hoffman, about the offensive comments made by Kusiciel concerning Plaintiff's disabilities and her need to take FMLA leave. Hoffman asked Plaintiff not to say anything to Kusiciel and informed Plaintiff that she, Hoffman, would speak to him on Monday, August 3, 2014.

12.     On August 14, 2014, Plaintiff complained in writing to Cheryl Hoffman's department about the comments and inquiries being made by her supervisor. Plaintiff informed Hoffman that Kusiciel continued to make denigrating statements to her about her Lyme disease and her need to take time off related to her disabilities.

13.     In September of 2014, due to an exacerbation related to her disabilities, Plaintiff requested that the Human Resources Department grant her intermittent FMLA leave to allow

4

her to deal with exigent flare-ups of her medical condition. Plaintiff submitted to Defendant Plitek the appropriate certifications from her physicians. Defendant Plitek approved Plaintiff for intermittent FMLA leave.

14.     In March of 2015, the Plaintiff's disability again increased in severity. As a result, she requested that the Defendant allow her to adjust her hours of work as it had done in the past. The Human Resources Department approved this request for reasonable accommodation.

15.     On March 30, 2015, Defendant Kusiciel demoted Plaintiff from her position as Customer Service Representative Supervisor to a Customer Service Representative. Plaintiff was told that the reason for her demotion was "because of the unpredictable nature of her health condition and how that may affect [her] ability to be at work." Ms. Bergmann was also informed at that time that if she required additional time off on a regular basis to deal with her health concerns, she would be transitioned to an "hourly position" from her salaried status. As a result of the demotion, Plaintiff was no longer bonus eligible and no longer had supervisory responsibilities.

16.     In her Performance Appraisal for the period January 1, 2015 through March 30, 2015, Defendant Kusiciel indicated that he had "modified her role" from Supervisor to Service Representative because Plaintiff had communicated to him on occasion that stress and anxiety has had a negative impact on her health. Plaintiff never requested a demotion and was fully able, with reasonable accommodation, to continue to perform the essential functions of her Supervisor position.

17.     On August 15, 2015, despite the fact that Plaintiff had been approved for intermittent FMLA leave, the Defendant instructed Plaintiff that she would be required to submit detailed information about her fibromyalgia and Lyme disease treatment and that she

5

needed to provide a note from her doctor stating her diagnosis and treatment every time she took any time off work for a medical appointment.

18.     Approximately two-weeks later, Kusiciel sent Plaintiff home for the day and placed her on a 30-day probation, falsely claiming that she had been insubordinate.   The Employee Warning Notice contained in the Plaintiff's Personnel file dated September 3, 2015, indicates that there were no previous Warnings.

19.     On September 8, 2015, the Plaintiff, through counsel, complained to the Human Resources Department that she was being discriminated against and retaliated against by Kusiciel because of her disability and because of her requests for leave and reasonable accommodation.

20.     The Plaintiff was on vacation and away from the office from September 17 through September 29, 2015.

21.     On September 21, 2015, Kusiciel was informed that Plaintiff had allegedly neglected to enter a unit price on an invoice for an order scheduled to ship that day.  The error had been discovered and corrected prior to shipping.  Kusiciel sent an email to Cheryl Hoffman notifying her of the error and informing her to "Please put this in Jen's personnel file."

22.     On or about September 30, 2015, Bergmann requested the paperwork from Cheryl Hoffman to recertify her request for intermittent leave for the following year. This request was made because Cheryl Hoffman asked Plaintiff for additional medical information concerning the prior year's request for Intermittent FMLA leave.

23.     On October 12, 2015, the Defendant terminated the Plaintiff's employment. Plaintiff was told by Defendants that she was being terminated for neglecting to enter a unit price on an order scheduled to ship on September 21, 2015.   Plaintiff was given an Employee

Warning Notice dated 10/12/2015, which she signed, informing her that the Action Taken was "Termination of Employment." That Warning Notice indicated that Plaintiff had one prior Warning, dated 9/3/2015.

24.     Upon information and belief, the Defendants have fabricated two prior Employee Warning Notices, dated 10/7/2015 and 10/8/2015, in an effort to establish a paper trail to make it appear that the Plaintiff had received three Warning Notices. Plaintiff was never presented with either of these Warning Notices. Plaintiff believes these Warning Notices were prepared after the dates contained therein in an effort to manufacture a false, nondiscriminatory justification for her termination.

25.     Other non-disabled employees and employees who had not requested FMLA leave or accommodations under the ADA, have committed similar and more egregious errors than Plaintiff's alleged errors and have not been terminated by Defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26.     Plaintiff filed her discrimination and retaliation charge alleging violations of the Americans with Disabilities Act with the EEOC on February 24, 2016, and received a Right to Sue Letter dated May 9, 2016. The Plaintiff's Right to Sue Letter is attached hereto as Exhibit A. This action is brought within ninety (90) days of receipt of the Right to Sue Letter.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS PLITEK, LLC AND JEFFREY KUSICIEL FOR INTERFERENCE WITH RIGHTS UNDER THE FAMILY MEDICAL LEAVE ACT**

27.     At all times relevant hereto, Plaintiff Bergmann was eligible for the protections afforded under the Family and Medical Leave Act (FMLA).

28.     At all times relevant hereto, Defendant Plitek, LLC and Defendant Kusiciel were covered by the FMLA.

29.     Plaintiff Bergmann provided Defendants sufficient notice of her intent to take intermittent FMLA leave.

30.     The actions of Defendants Plitek, LLC, and Jeffrey Kusiciel in terminating Plaintiff's employment were taken to prevent her from exercising her right to take intermittent FMLA leave and denied Plaintiff the FMLA benefits to which she was entitled in violation of 29 U.S.C. § 2615(a)(1).

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS PLITEK, LLC AND JEFFREY KUSICIEL FOR RETALIATION FOR ASSERTING RIGHTS UNDER THE FAMILY MEDICAL LEAVE ACT**

31.     The actions of Defendants Plitek, LLC and Jeffrey Kusiciel in terminating Plaintiff's employment because she had taken intermittent FMLA in the past and intended to take intermittent FMLA leave to which she was entitled in the future, violates the anti-retaliation provision of the FMLA, 29 U.S.C. §  2615(a)(2).

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT PLITEK, LLC FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT WITH REGARD TO PLAINTIFF'S DEMOTION**

32.     Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act since her Lyme disease and Fibromyalgia, in their active states, substantially interfere with one or more of the Plaintiff's major life functions of walking, sitting, sleeping, concentration and memory, among other functions.

33.     The action of Defendant Plitek, LLC, in demoting the Plaintiff from Customer Service Supervisor to Customer Service Representative employment was taken because of Plaintiff's disability in violation of 42 U.S.C. § 12111 *et seq.*

34.     Defendant's actions were willful, malicious and/or taken in reckless disregard for the rights of the Plaintiff.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT PLITEK, LLC FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT WITH REGARD TO THE TERMINATION OF PLAINTIFF'S EMPLOYMENT**

35.     The action of Defendant Plitek, LLC, in terminating the Plaintiff's employment was taken because of Plaintiff's disability in violation of 42 U.S.C. § 12111 *et seq.*

36.     Defendant's actions were willful, malicious and/or taken in reckless disregard for the rights of the Plaintiff.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT PLITEK, LLC, FOR DISCRIMINATION BY CREATING AND MAINTAINING A HOSTILE ENVIRONMENT BECAUSE OF THE PLAINTIFF'S DISABILITY**

37.     The actions of Defendant Plitek, LLC , in making derogatory statements concerning the Plaintiff's disability and concerning the Plaintiff's need for an accommodation for her disability, constituted unlawful discrimination based upon disability in violation of 42 U.S.C. § 12111 *et seq.*

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT PLITEK, LLC FOR RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

38.     The actions of Defendant Plitek, LLC in demoting the Plaintiff and in terminating the Plaintiff's employment were taken in retaliation for Plaintiff asserting rights protected by the Americans with Disabilities Act.

**PRAYER FOR RELIEF**

39.     As a result of the Defendants' conduct set forth herein, the Plaintiff has suffered and will suffer substantial economic losses, including lost wages, benefits and future income.

40.     As a result of the Defendants' conduct set forth herein, the Plaintiff has suffered substantial emotional and/or physical injury.

41.     All of the Defendants' actions taken herein were taken willfully, maliciously and in reckless disregard for the Plaintiff's rights.

WHEREFORE, PLAINTIFF RESPECTLLY REQUESTS AS FOLLOWS:

A.  That this matter be tried to a jury;

B.  That Plaintiff be awarded her economic loss damages against each of the Defendants for violation of the Family and Medical Leave Act;

C.  That Plaintiff be awarded liquidated damages against each of the Defendants in an amount equal to her economic loss damages for willful violation of the Family and Medical Leave Act;

D.  That Plaintiff be awarded compensatory damages against Defendant Plitek, LLC, including all lost wages, benefits and future income, for violation of the Americans with Disabilities Act;

E.  That Plaintiff be awarded compensatory damages against Defendant Plitek, LLC for her emotional injuries and/or physical injuries, for violation of the Americans with Disabilities Act;

F.  That Plaintiff be awarded punitive damages against Defendant Plitek, LLC, for willful, malicious and/or reckless actions, in violation of the Americans with Disabilities Act;

G.  The Plaintiff be awarded her reasonable attorney's fees and costs against each of the Defendants for violation of the Family and Medical Leave Act and the Americans with Disabilities Act;

H.  That Plaintiff be reinstated to her prior position with the Defendant or in lieu thereof , that Plaintiff be awarded front pay; and

I.    That Plaintiff be awarded such other relief as this Court sees fit and proper.


Respectfully submitted,

**/s** Jeffrey L. Taren
**/s** Miriam N. Geraghty
Kinoy, Taren & Geraghty, P.C.
224 S. Michigan Ave., Ste. 490
Chicago, IL 60604
(312) 663-5210
Fax: (312) 663-6663
jtaren@ktglawyer.com
mgeraghty@ktglawyer.com


**/s** Al Holfeld, Jr.
THE LAW OFFICES OF AL HOFELD, JR., LLC
1525 East 53rd Street, Suite #832
Chicago, Illinois 60615
(773) 241-5844
Fax: (773) 241-5845
al@alhofeldlaw.com